**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**November 26, 2003**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

No. 03-50460

CYNTHIA R. WILLIAMS,

Plaintiff-Appellant,

versus

JUPE COMPANY, INC., Women Business Enterprise,

Defendant-Appellee.

Appeal from the United States District Court
for the Western District of Texas
(SA-01-CV-1025)

Before SMITH, BARKSDALE, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

In her *pro se* complaint, Cynthia Williams claimed Jupe Company discriminated against her on the basis of race, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* Summary judgment was awarded Jupe. **AFFIRMED.**

I.

Through a temporary employment agency, Jupe hired Williams to work for 45 days as a receptionist. After her first day on the job, however, Jupe contacted the agency and stated it did not want

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Williams to return.  According to Jupe, Williams' performance had been unsatisfactory because she took too long to perform simple tasks (such as typing a letter).

## II.

In response to Jupe's summary judgment motion, Williams filed an "objection to the motion for summary judgment"; she stated in the objection that it was a "motion for continuance" and requested a jury trial.  It is not clear whether Williams appeals, *pro se*, the denial of her continuance motion or the summary judgment.  We consider both issues.

## A.

Williams contends the denial of her continuance motion precluded her obtaining witness statements and discovery necessary for her discrimination action.  We review rulings on Rule 56(f) continuance motions for abuse of discretion.  **Daly v. Sprague**, 675 F.2d 716, 724 n.10 (5th Cir. 1982), *cert. denied*, 460 U.S. 1047 (1983).  Williams did not submit mandatory disclosures, failed to respond to discovery until the magistrate judge threatened to dismiss her action, and demanded the magistrate judge summon witnesses to testify (no live testimony for summary judgment proceedings).  The district court did not abuse its discretion in denying the motion.

B.

A summary judgment is reviewed *de novo*, applying the same legal standard as the district court. *E.g., **Wyatt v. Hunt Plywood Co.**,* 297 F.3d 405, 408 (5th Cir. 2002), *cert. denied*, 537 U.S. 1188 (2003). Such judgment should be granted if the evidence shows there is "no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law". FED. R. CIV. P. 56(c); *see **Wyatt***, 297 F.3d at 408-09. A fact issue is material only "if its resolution could affect the outcome of the action". ***Wyatt***, 297 F.3d at 409.

In determining whether there is a material fact issue, we consider all of the evidence in the record but do not make credibility determinations or weigh the evidence. *E.g., **Reeves v. Sanderson Plumbing Prods., Inc.**,* 530 U.S. 133, 150 (2000). Instead, we "draw all reasonable inferences in favor of the nonmoving party". ***Id.*; *Wyatt***, 297 F.3d at 409.

Williams attempts to prove her race discrimination claim by indirect evidence. As a result, we apply the burden-shifting framework of ***McDonnell Douglas Corp. v. Green***, 411 U.S. 792 (1973). Under this three-part scheme, a plaintiff must first present a prima facie case of discrimination. A plaintiff does so by showing: (1) she belongs to a protected group; (2) she was qualified for the position sought; (3) she suffered an adverse employment action; and (4) she was replaced by someone outside the

3

protected class.  *E.g., **Price v. Fed. Express Corp.**, 283 F.3d 715, 720 (5th Cir. 2002).  If the plaintiff presents a prima facie case, the burden shifts to the defendant to rebut the plaintiff's case by demonstrating a "legitimate, nondiscriminatory justification for its actions".  *Id.*  If the defendant does so, the burden shifts to the plaintiff to attempt to show that the defendant's proffered reason is instead a pretext for discrimination.  *Id*.

We assume that Williams presented a prima facie case.  Jupe responded by stating that it terminated her because of her poor performance.  This proffered reason constitutes a legitimate, non-discriminatory justification for Jupe's adverse employment action.  *See **Shackelford v. Deloitte & Touche, LLP**, 190 F.3d 398, 408 (5th Cir. 1999).

Williams attempts to show that Jupe's claimed justification is a pretext for discrimination.  She contends that Jupe mischaracterized her work performance.  Mr. Jupe stated in his affidavit that Williams spent three hours typing a simple letter.  Williams stated in her affidavit that instead it took her 50 minutes.

Again, at the summary judgment stage, we take the nonmovant's (Williams') representation of the facts as true.  Even if we assume that Jupe is mistaken about precisely how long it took Williams to type the letter, this does not satisfy Williams' burden to create

4

a material fact issue on whether Jupe's asserted justification (poor performance) was a pretext for discrimination.

III.

For the foregoing reasons, the summary judgment is

*AFFIRMED*.

5